1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5            FOR THE DISTRICT OF ARIZONA
6
7   MACK CALVIN MARTIN,                    )
                                           )
8            Petitioner,                   )   No. CV 06-1513-PHX-PGR (BPV)
    vs.                                    )
9                                          )   **REPORT AND RECOMMENDATION**
    DEPUTY WARDEN RIDER, ET AL.,           )
10                                         )
             Respondents.                  )
11  _____)

12          On June 13, 2006, Mack Calvin Martin, ("Petitioner"), an inmate confined by

13   the State of Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in

14   State Custody, pursuant to Title 28, U.S.C. § 2254 ("Petition").  (Doc. No. 1.)  Named

15   as Respondent in the Petition is Deputy Warden Rider.  The Attorney General of the

16   State of Arizona is named as an additional Respondent.  Respondents filed an Answer

17   ("Answer") to the Petition on January 16, 2007, with exhibits A through N attached.

18   (Doc No. 13.)   Petitioner filed a "Traverse" on March 19, 2007.

19          Pursuant to the Rules of Practice of this Court, this matter was referred to

20   Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

21          For the reasons discussed below, the Magistrate Judge recommends that the

22   District Court enter an order dismissing the Petition.

23   **I.    FACTUAL AND PROCEDURAL BACKGROUND**

24   **A. Conviction and Sentence**

25          On July 31, 2000, Petitioner was convicted by jury in Maricopa County Superior

26   Court of armed robbery, a class 2 felony.  (Answer, Ex. A, at 2) The jury found that the

27   offense was a "dangerous offense."  (Id.)

28

1    Petitioner was sentenced to an aggravated term of 17 years' imprisonment.  (Id.,

2  Ex. B, at 2-3)

3  **B.     Appeal**

4    Petitioner filed an appeal on August 30, 2001, raising only one issue, that the

5  trial court abused its discretion by denying Petitioner's motion to suppress the physical

6  evidence seized from Petitioner and the statements Petitioner made to police following

7  his arrest.  (Id., Ex. C)

8    In a memorandum decision dated March 19, 2002, the Arizona Court of Appeals

9  affirmed Petitioner's conviction and sentence.  (Id., Ex. D) Petitioner did not file a

10  petition for review to the Arizona Supreme Court, and the Order and Mandate issued

11  on May 3, 2002.  (Id., Ex. E)

12  **C.     Petition for Post-Conviction Relief**

13    Petitioner filed a notice of post-conviction relief on August 21, 2002.  (Id., Ex.

14  F) Petitioner, represented by counsel, raised two issues in his Petition for Post-

15  Conviction Relief, filed on April 9, 2003.  (Id., Ex. G) First, Petitioner argued that trial

16  counsel was ineffective, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), for

17  failing to call alibi witnesses Christina Gonzales and Petitioner's brother Phillip Price.

18  (Answer, Ex. G, at 2-4)

19    Petitioner argued in his second claim that he was never informed of a plea offer

20  that capped his exposure at 9.5 years.  (Id., Ex. 4)

21    On September 12, 2003, the trial court summarily dismissed the petition pursuant

22  to Rule 32.6(c), Ariz. R. Crim. P., noting that the petition presented no genuine issue

23  of fact or law that might entitle Petitioner to relief.  (Answer, Ex. H)

24    On February 23, 2005, Petitioner filed a pro se Petition for Review to the

25  Arizona Court of Appeals.  (Id., Ex. I).  Petitioner raised two claims.  First, Petitioner

26  argued: "The defendant didn't receive a fair trial because his 14th Amendment due

27

28  - 2 -

process was violated.  None of the jury was not of his peers.  Out of the fifty potential jury, none where [sis] African American."  (Id., Ex. I, at 3)

Second, Petitioner argued six instances where he "didn't receive adequate representation which render him defenseless."

(1)    "The trial attorney for the Defendant was ineffective.  He did not call any witness on behalf of the defendant."

(2)    "Counsel for the defendant didn't interview any of the prosecutor witness that testify against the defendant."

(3)    "Counsel for the defendant showed not interest in the defendant case."

(4)    "Counsel didn't investigate any of the defendant potential witness."

(5)    "Counsel failed to show the defendant the second of two plea bargains that the prosecutor had offered the defendant."

(6)    "Trial attorney didn't file any motion to suppress the evidence that was used by the prosecutor."

(Id., at 3-4)

Petitioner stated that he was "not at liberty to cite case law due to Lewis v. Casey."  (Answer, Ex. I, at 3) The Arizona Court of Appeals denied the petition for review without comment on October 25, 2005.  (Answer, Ex. J)

On December 21, 2005, Petitioner filed a Petition for Review to the Arizona Supreme Court. (Id., Ex. K) Petitioner asserted before the Arizona Supreme Court that his post-conviction relief counsel did not provide competent representation. (Id.)  The petition for review was denied by the Arizona Supreme Court on March 24, 2006. (Answer, Ex. L)

**D.    Federal Habeas**

Petitioner filed the present petition for habeas corpus in the District Court on June 13, 2006.  (Doc. No. 1)  The Petition raises two grounds for relief:

- 3 -

1       1)     Defendants 6th Amendment right to effective legal representation was deprived him; and

2
3       2)     The Defendant's 6th Amendment right to be tried by an impartial jury was violated.

4  (Petitioner, at 5-7)

5      Respondents filed an answer to the Petition on January 16, 2007. Petitioner

6  submitted a reply on March 19, 2007.

**II.   DISCUSSION**

**A.    Standard of Review**

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

**B.    Timeliness**

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

**C.    Exhaustion**

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989). The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *Id.* A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See Id.*; 28 U.S.C. § 2254(c).

A habeas petitioner may exhaust his claims in one of two ways. First, a claim is exhausted when no remedy remains available to the petitioner in state court. *See* 28

1   U.S.C. § 2254(b)(1)(A).  Second, a claim is exhausted if there is an absence of available

2   state corrective process or circumstances exist that render such process ineffective to

3   protect the rights of the petitioner.  *See* 28 U.S.C. § 2254(b)(1)(B).

4          To meet the exhaustion requirement, the petitioner must have "fairly present[ed]

5   his claim in each appropriate state court...thereby alerting that court to the federal nature

6   of the claim." *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-

7   66 (1995). A petitioner fairly presents a claim to the state court by  describing the

8   factual or legal bases for that claim and by alerting the state court "to the fact that

9   the...[petitioner is] asserting claims under the United States Constitution." *Duncan,* 513

10  U.S. at 365-366.  *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001)

11  (same).   Mere similarity between a claim raised in state court and a claim in a federal

12  habeas petition is insufficient.  *Duncan,* 513 U.S. at 365-366.

13         Furthermore,  to fairly present a claim, the petitioner "must give the state courts

14  one full opportunity to resolve any constitutional issues by invoking one complete

15  round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

16  Once a federal claim has been fairly presented to the state courts, the exhaustion

17  requirement is satisfied.  *See Picard  v. Connor,* 404 U.S. 270, 275 (1971).  In habeas

18  petitions, other than those concerning life sentences or capital cases, the claims of

19  Arizona state prisoners are exhausted if  they have been fairly presented to  the Arizona

20  Court of Appeals either on appeal of conviction or through a collateral proceeding

21  pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  *Swoopes v. Sublett,*

22  196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2200).

23         Respondents argue that because Petitioner did not present some of the claims he

24  raises in his habeas petition to the Arizona Supreme Court through the available

25  procedure of a petition for review from the court of appeals memorandum decision

26  denying the petition for review, the claim is not subject to habeas review under *Baldwin*

27  *v. Reese*, 541 U.S. 27 (2004).  Petitioner refutes this argument.  Petitioner is correct, it

28                                          - 5 -

1   is not necessary for Petitioner to present his arguments to the Arizona Supreme Court

2   to preserve the issues for federal review.

3          In *Baldwin*, which was a case appealed from the Ninth Circuit out of Oregon, the

4   Supreme Court addressed the question of what constituted notice of the federal nature

5   of a claim sufficient to satisfy the fair presentment requirement found in 28 U.S.C. §

6   2254(b)(1).  In laying the groundwork for its decision, the Supreme Court states that

7   "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present'

8   his claim in each appropriate state court (including a state supreme court with powers

9   of discretionary review), thereby alerting that court to the federal nature of the claim."

10  541 U.S. at 29 (citations omitted).  Similarly, in *Peterson*, the Ninth Circuit held that

11  "[i]n a state like Oregon, where review in the highest court is discretionary, a prisoner

12  must still petition the highest court for review in order to exhaust his claim properly."

13  319 F.3d at 1156, citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Respondents

14  seize on these general statements of the law of exhaustion and assert that they support

15  a finding that *Swoopes*, at least insofar as it addresses the need for habeas petitioners

16  to seek review in the highest state court, is no longer valid.  However, an examination

17  of the rationale employed in the *Swoopes* decision readily distinguishes that case from

18  the general statements of law cited by the Respondents.

19         *Swoopes* was decided on remand to the Ninth Circuit for consideration in light

20  of the Supreme Court's decision in the *O'Sullivan* case.  *Swoopes v. Sublett*, 196 F.3d

21  1008 (9th Cir. 1999)  In *Swoopes*, the Ninth Circuit, just like the *Baldwin* and *Peterson*

22  courts did, began by reiterating the general rule stated in *O'Sullivan* that, "in order to

23  satisfy the exhaustion requirement for federal habeas relief, state prisoners must file for

24  discretionary review in a state supreme court when that review is part of ordinary

25  appellate review."  *Swoopes*, 196 F.3d at 1009, citing *O'Sullivan*, 526 U.S. at .  The

26  court recognized, however, that the Supreme Court in *O'Sullivan* had "acknowledged

27  an exception to the exhaustion requirement," by making it clear the "'the creation of a

28                                      - 6 -

1   discretionary review system does not, *without more*, make review' in a state supreme

2   court 'unavailable.'" *Swoopes*, 196 F.3d at 1009, quoting *O'Sullivan*, 526 U.S. at

3   (emphasis added in *Swoopes*).   The Ninth Circuit proceeded to review Arizona's

4   discretionary review system and found considerations that compelled a finding that, in

5   other than capital cases, appeal to the Arizona Supreme Court was unnecessary.

6   Specifically, the court found that two Arizona cases, *State v. Shattuck*, 140 Ariz. 582,

7   684 P.2d 154 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989), made

8   it clear that, "in cases not carrying a life sentence or the death penalty, review need not

9   be sought before the Arizona Supreme Court in order to exhaust state remedies."

10  *Swoopes*, 196 Ariz. at 1010.  Thus, the court concluded, "post-conviction review before

11  the Arizona Supreme Court is a remedy that is 'unavailable' within the meaning of

12  *O'Sullivan*.  There is nothing in either *Baldwin* or *Peterson* that suggests, implicitly or

13  explicitly, that this analysis is flawed or that holding has been overruled.

14          Also strongly suggestive of the continued vitality of *Swoopes* is that the Ninth

15  Circuit continues to cite the case for the very proposition Respondents suggest was

16  overruled. In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court stated as a

17  matter of fact that "[i]n cases not carrying a life sentence or the death penalty, 'claims

18  of Arizona state prisoners are exhausted for purposes of federal habeas once the

19  Arizona Court of Appeals has ruled on them.'" *Id.* at 998 n. 3, quoting *Swoopes*, 196

20  Ariz. at 1010.  At least one other circuit has also cited *Swoopes* for this proposition

21  without questioning its continuing validity.  *See  Lambert v. Blackwell,* 387 F.3d 210

22  (3rd Cir. 2004).  These considerations make clear that Respondents' argument that the

23  reliability of the holding in *Swoopes* is questionable is incorrect.

24          In some instances a claim can be technically exhausted even though the state

25  court did  not address the merits.  This situation is referred to as "procedural bar" or

26  "procedural default."  A claim is procedurally defaulted if the state court declined to

27  address the issue on the merits for procedural reasons.  *Franklin v. Johnson,* 290 F.3d

28                                              - 7 -

1    1223, 1230 (9th Cir. 2002).  Procedural default also occurs if the claim was not

2    presented to the state court and it is clear the state would now refuse to address the

3    merits of the claim for procedural reasons.  *Id.*  The procedural bar provides an

4    independent and adequate state-law ground for the conviction and sentence and, thus,

5    prevents federal habeas corpus review unless the petitioner can demonstrate cause and

6    prejudice for failing to raise the claim in the state proceedings.  *Gray v. Netherland,*

7    518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495

8    (1986); *Franklin*, 290 F.3d at 1231.  Accordingly, the procedural default doctrine

9    prevents state prisoners from obtaining federal review by allowing the time to run on

10   available state remedies and then rushing to federal court seeking review.  *Coleman v.*

11   *Thompson,* 501 U.S. 722, 731-732 (1991).

12        If a claim has never been presented to the state court, a federal habeas court may

13   determine whether state remedies remain available.[1]  *See Harris v. Reed,* 489 U.S. 255,

14   263 n.9 (1989); *Franklin,* 290 F.3d at 1231.  In Arizona, such a determination often

15   involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure

16   governing post-conviction relief proceedings.  For example, Ariz.R.Crim.P.  32.1

17   specifies when a petitioner may seek relief in post-conviction proceedings based on

18   federal constitutional challenges to  convictions or sentences.  Under Rule 32.2, relief

19   is barred on any claim which could have been raised in a prior Rule 32 petition for post-

20

21

22

---

23        [1] Although the Ninth Circuit recently suggested that under Ariz.R.Crim.P.
     32.2, there are exceptions to the rule that a district court can decide whether
24   state remedies remain available for claims that require a knowing,
     voluntary, and intelligent waiver *see Cassett v. Stewart*, 406 F.3d 614 (9th
25   Cir. 2005), *cert. denied,* __ U.S. __, 126 S.Ct. 1336 (2006), this Court need
     not address such waiver because it has not been affirmatively raised by
26   Petitioner.  *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002),
27   *cert denied,* 538 U.S. 1053 (2003).

28

1  conviction relief, with the exception of certain claims[2] which were justifiably omitted

2  from a prior petition.  Ariz.R.Crim.P. 32.2.

3         In summary, failure to exhaust and procedural default are different concepts.

4  *Franklin*,  290 F.3d at 1230-1231.  Under both doctrines, the federal court may be

5  required to refuse to hear a habeas claim.  *Id.*  The difference between the two is that

6  when a petitioner fails to exhaust, he may still be able to return to state court to present

7  his claims there. *Id.*  In contrast, "[w]hen a petitioner's claims are procedurally barred

8  and a petitioner cannot show cause and prejudice for the default...the district court

9  dismisses the petition because the petitioner has no further recourse in state court." *Id.*

10  at 1231.

11  **D.    Cause and Prejudice**

12        A petitioner may be relieved from a procedural default on a showing of cause

13  and prejudice.  *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  "[T]he existence of

14  cause for a procedural default must ordinarily turn on whether the prisoner can show

15  that some objective factor external to the defense impeded counsel's efforts to comply

16  with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The

17  following objective factors may constitute cause: (1) interference by state officials, (2)

18  a showing that the factual or legal basis for a claim was not reasonably available, or (3)

19  constitutionally ineffective assistance of counsel. *Id*. To establish prejudice, a prisoner

20  _____

21       [2]   Such claims include: (1) that the petitioner is being held in custody after

22            his  sentence has expired; (2) certain circumstances where newly
             discovered material facts probably exist and such facts probably would

23            have changed the verdict or sentence; (3) the petitioner's failure to file a
             timely notice of post-conviction relief was without fault on his part; (4)

24            there has been a significant change in the law that would probably
             overturn petitioner's conviction if applied to his case; and (5) the

25            petitioner demonstrates by clear and convincing evidence that the facts
             underlying the claim would be sufficient to establish that no reasonable

26            fact-finder would have found petitioner guilty beyond a reasonable doubt.

27            Ariz.R.Crim.P. 32.2(b) (citing Ariz.R.Crim.P. 32.1(d)-(h)).

28                                          - 9 -

must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.  To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**E.    Standard of Review: Merits**

Pursuant to the provisions of the AEDPA, the Court may grant a writ of habeas corpus only if the state court proceeding:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett,* 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied* 546 U.S. 963 (2005).  Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins,* 546  U.S. 333, 342 (2006).  In conducting its review, the Court "look[s] to the last-reasoned state-court decision." *Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir. 2003) *cert. denied* 541 U.S. 1037 (2004).

Section 2254(d)(1) consists of two alternative tests, i.e., the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca,* 346 F.3d 924, 929 (9th Cir. 2003).  Under the first test, the state court's "decision is contrary to clearly established

federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Williams v. Taylor,* 529 U.S. 362, 413-414 (2000)).  Additionally, a state court's decision is "'contrary to' Supreme Court case law if the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[3]  *Van Lynn,* 347 F.3d at 738 (quoting *Early v. Packer,* 537 U.S. 3, 8 (2002)).  "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts."  *Cordova,* 346 F.3d at 929 (emphasis in original) (distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

Under the second test, " '[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (quoting *Clark,* 331 F.3d at 1067). Under the "'unreasonable application clause...a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...[r]ather that application must be objectively unreasonable.'"  *Clark,* 331 F.3d at 1068 (quoting

---

[3]  "[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams,* 529 U.S. at 412...While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark,* 331 F.3d at 1069 (emphasis in original).

1  *Lockyer v. Andrade,* 538 U.S. 63 (2003)).  When evaluating whether the state decision

2  amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial

3  deference to state court interpretations of federal law...."  *Cordova,* 346 F.3d at 929.

4       Under section 2254(d)(2), which involves purely factual questions resolved by

5  the state court,  "the question on review is whether an appellate panel, applying the

6  normal standards of appellate review, could reasonably conclude that the finding is

7  supported by the record."  *Lambert,*  393 F.3d at 978; *see also Taylor v. Maddox,* 366

8  F.3d 992, 999 (9th Cir.), *cert. denied* 534 U.S. 1038 (2004) ("a federal court may not

9  second-guess a state court's fact-finding process unless, after review of the state-court

10 record, it determines that the state court was not merely wrong, but actually

11 unreasonable.") Section  (d)(2) "applies most readily to situations where petitioner

12 challenges the state court's findings based entirely on the state record.  Such a challenge

13 may be based on the claim that the finding is unsupported by sufficient evidence,...that

14 the process employed by the state court is defective,...or that no finding was made by

15 the state court at all." *Taylor,* 366 F.3d at 999 (citations omitted).  When examining the

16 record under section 2254(d)(2), the federal court "must be particularly deferential to

17 our state court colleagues... [M]ere doubt as to the adequacy of the state court's findings

18 of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect

19 [in the state court's fact-finding process] is pointed out would be unreasonable in

20 holding that the state court's fact-finding process was adequate.'"  *Lambert,* 393 F.3d

21 at 972 (*quoting Taylor,* 366 F.3d at 1000) (emphasis in original).  Once the federal court

22 is satisfied that the state court's fact-finding process was reasonable, or where the

23 petitioner does not challenge such findings, "the state court's findings are dressed in a

24 presumption of correctness, which then helps steel them against any challenge based

25

26

27

28

1   on extrinsic evidence, i.e., evidence presented for the first time in federal court."[6]

2   *Taylor,* 366 F.2d at 1000.  *See also* 28 U.S.C. section 2254(e).

3         Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues

4   of mixed questions of law and fact.  Such questions "receive similarly mixed review;

5   the state court's ultimate conclusion is reviewed under [section] 2254(d)(1), but its

6   underlying factual findings supporting that conclusion are clothed with all of the

7   deferential protection ordinarily afforded factual findings under [sections] 2254(d)(2)

8   and (e)(1)."  *Lambert,* 393 F.3d at 978.

9         To assess a habeas claim under § 2254(d)(1), the Court must identify the "clearly

10  established Federal law," if any, that governs the sufficiency of the claim on habeas

11  review.  "Clearly established" federal law includes the holdings of the Supreme Court

12  at the time the petitioner's state court conviction became final.  *See Williams v. Taylor*,

13  529 U.S. 362, 390 (2000).  Habeas relief cannot be granted if the Supreme Court has

14  not "broken sufficient legal ground" on a constitutional principle advanced by a

15  petitioner, even if lower federal courts have decided the issue.  *See id.* at 381.

16

17

18

19

20

21      [6]  Under section 2254(e) "a determination of a factual issue made by a State
        court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1). The
22      "AEDPA spells out what this presumption means:  State-court fact-
        finding may be overturned based on new evidence presented for the first
23      time in federal court only if such new evidence amounts to clear and
        convincing proof that the state-court finding is in error....Significantly,
24      the presumption of correctness and the clear-and-convincing standard of
        proof only come into play once the state-court's fact-findings survive any
25      intrinsic challenge; they do not apply to a challenge that is governed by
        the deference implicit in the 'unreasonable determination' standard of
26      section 2254(d)(2)."  *Taylor,* 366 F.3d at 1000.
27

28                                        - 13 -

**III.    ANALYSIS**

**A.    Timeliness**

Respondents do not contest the timeliness of the habeas petition.  A review of the petition suggests that it is timely.  Accordingly, this Court finds that the Petition is timely.

**B.    Exhaustion**

**1.    Ground One: Ineffective Assistance of Trial Counsel**

Petitioner argues in Ground One numerous instances of ineffective assistance of trial counsel in violation of his Sixth Amendment rights[7].  Petitioner has failed to exhaust all claims of ineffective assistance.

Only two claims were raised in the state courts to both the trial court and the court of appeals as possible ineffective assistance of counsel claims.  First, that trial counsel was ineffective for failing to call alibi witnesses Christina Gonzales and Phillip Price, and, second, that counsel was ineffective for failing to inform Petitioner of a plea offer that capped his exposure at 9.5 years.  The federal nature of these claims was not properly presented to the state courts.  Furthermore, the operative facts of these claims were also not presented, as discussed in detail below in section *c.*

All other ineffectiveness claims were either (1) raised in the Petition for Review to the court of appeals, but not raised in the Petition for Post-Conviction Relief

---

[7] For ease of clarity, the Court will refer to the claims as designated in the Petition, and not in the Answer.  This becomes difficult when deciphering the Traverse, as Petitioner adopts the Respondents designation system, which is different than the Petition, but applies them to the claims as he numbered them, not as the Respondents renumbered them.  Accordingly, when the Court refers to a numbered claim, it will be to the claims as designated by Petitioner in the Petition.  In discussion of the parties positions, the Court will ignore the numbering system utilized by Respondents in the Answer, and by Petitioner in the Traverse, and simply focus on the content of their arguments.

1   presented to the trial court[8]; or (2) not raised in either the Petition for Review or the

2   Petition for Post-Conviction Relief.[9]

3               a.      *Claims Unexhausted for Failure to Raise at All Stages of Review*

4          As to the claims that were raised for the first time to the court of appeals

5   (Ground I(1)), even if this Court could conclude that Petitioner adequately presented

6   these claims to the Arizona Court of Appeals, that would not be sufficient to exhaust

7   his state remedies.  "Whether a claim is exhausted through a direct appellate procedure,

8   a post-conviction procedure, or both, the claim should be raised at all appellate stages

9   afforded under state law as of right by that procedure."  *Casey v. Moore*, 386 F.3d 896,

10  916 (9th Cir. 2004) "[W]here the claim has been presented for the first and only time in

11  a procedural context in which its merits will not be considered unless 'there are special

12  and important reasons therefor' ... [r]aising the claim in such a fashion does not, for the

13  relevant purpose, constitute 'fair presentation.'"  *Castille v. Peoples*, 489 U.S. 346, 351

14  (1989).  Thus, where a petitioner raises his federal constitutional claims for the first and

15  only time to the state court on discretionary review, he does not fairly present them.

16  *See Casey*, 386 F.3d at 918.

17         In Arizona, review of a petition for post-conviction relief by the Arizona Court

18  of Appeals is governed by Rule 32.9(f), Ariz. R. Crim. P.  That rule makes clear that

19

20         [8] Petitioner's claim of ineffectiveness in the present habeas that was raised
21             in his Petition for Review, but not in his Petition for Post-Conviction
22             Relief, liberally interpreted in favor of Petitioner, is as follows: Ground
                I(1):   That trial counsel failed to interview, investigate or call four
23             witnesses (including Christina Gonzalez and Phillip Price) listed on Notice
24             of Defense (Answer, Ex. I, at 4, IAC Claim 4, Petition for Review).

25         [9] Petitioner's claims of ineffectiveness in the present habeas that were never
               presented in state court include: [Ground I(3)(D)] That trial counsel failed
26             to object to the absence of any African-Americans on the jury panel; and
27             [Ground I(3)(B)] Trial counsel failed to provide him with any and all
               statements made by witnesses and/or alleged victims.

28
                                        - 15 -

1   a grant of review is discretionary.  Thus, Petitioner's failure to present these claims to

2   the trial court precludes a finding that they have been fairly presented, and thus, they

3   have not been properly exhausted.

4         Petitioner submits in his traverse that these claims were raised to both the trial

5   court and the appellate court.  (Doc. No 19, p.4, line 8)  Petitioner cites to pages 3-4 of

6   the Petition for Post-Conviction of Relief, beginning at line 15, in support of this claim,

7   as well as the Petition for Review to the court of appeals, at page 3.  The Court

8   acknowledges that this was raised to the court of appeals, but the petition, however,

9   clearly presents only the argument that trial counsel failed to investigate and present the

10  two alibi witnesses, not all four witnesses that were listed on the Notice of Defenses.

11  The alibi claim was presented to both the trial court and appellate court, and the Court

12  discusses this claim below.  As concluded above, Petitioner's failure to present these

13  claims to the trial court precludes a finding that they have been fairly presented, and

14  thus, they have not been properly exhausted.

15              *b.*        *Claims Unexhausted for Failure to Raise at All Stages of Review*

16        As to the claims in Ground One that Petitioner failed to present at all to the state

17  courts, (see Footnote 9), these claims are clearly unexhausted.  Those claims are found

18  in the Petition at Ground I(2), I(3)(B)and (D).

19              *c.*        *Claims that are unexhausted for failure to alert the state courts to*

20                         *the operative facts and federal nature of the claims.*

21        As to Petitioner's claim in Ground I(2), that trial counsel was ineffective for

22  failing to inform him of any plea offer, or explain the comparative merits judged against

23  the probable result of a trial, to the extent Petitioner raised these claims at all in the state

24  courts, Petitioner did not alert the courts to the federal nature of these claims[10].  In his

25

26        [10]  Although Respondents address the possibly that Petitioner's contention
                 includes a claim that trial counsel failed to inform him of the *original*
27               plea offer, Petitioner clarifies that the only claim he is raising is that he

28                                        - 16 -

1   Petition for Post-Conviction Relief, Petitioner argued as follows: "Defendant was never

2   informed of a plea offer that capped Defendant's exposure at 9.5 years."  "Pursuant to

3   *State v. Donald*, defendant states that the original offer presented to him was for nine

4   to twenty-eight years.  Later the defendant learned that there was a plea offer for a 9.5

5   years capped.  Defendant was incarcerated for 11 months and at no time did defense

6   counsel make the new offer."  (Answer, Ex. G, at 4) Petitioner cited no federal law, and

7   did not complete the citation to the single state case he did cite.

8         Petitioner had argued, under the section of his Petition for Post-Conviction

9   Relief entitled "Failure of Defense Counsel to Call Alibi Witnesses" that counsel was

10  ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668

11  (1984). (Answer, Ex. G at 2).  Under the section titled "Issue #2 Defendant was Never

12  Informed of a Plea Offer that Capped Defendant's Exposure at 9.5 Years" (Id, at 4),

13  however, Petitioner did not alert the trial court to any federal claim regarding trial

14  counsel's failure to inform Petitioner of a plea offer.  Thus, Petitioner failed to alert the

15  trial court to the federal nature of his claim regarding trial counsel's failure to inform

16  him of a plea offer.  *See Castillo*, 399 F.3d at 999 (citation of a relevant federal

17  constitutional provision in relation to some other claim does not satisfy the exhaustion

18  requirement)

19        Petitioner raised the claim in his Petition for Review to the appellate court,

20  however, he cited no case law, federal or state, that would have alerted the appellate

21  court to the federal nature of his claim.  (Answer, Ex. I, at 4)

22        Similarly, regarding Ground I(3)(A)and (C), in his Petition for Post-Conviction

23  Relief Petitioner argued that trial counsel failed to call alibi witnesses Christina

24  Gonzales and Phillip Price, and cited *Strickland*, 466 U.S. 668.  (Answer, Ex. G at 2-4)

25

26  ─────────────────────

27         was never informed that the State re-offered the plea prior to trial. (Doc.
       No. 19, p.7)

28
                                    - 17 -

1   In his Petition for Review, however, Petitioner stated that "The trial attorney for the

2   Defendant was ineffective.  He did not call any witness on behalf of the defendant."

3   and "Counsel didn't investigate any of the defendant potential witness."

4          Not only did Petitioner fail to alert the trial court of the relevant facts of his

5   claim (Petitioner stated that the affidavits of Phillip Price and Christina Gonzales would

6   "be attached shortly"), Petitioner failed to even mention the names of the potential

7   witnesses, much less what relevant and material testimony they might have provided

8   to the appellate court, in addition to neglecting to alert to the court of appeals to the

9   federal nature of his claim.  Thus Petitioner failed, both in his Petition for Post-

10  Conviction Relief, and his Petition for Review, to alert the state courts to the operative

11  facts and legal theory of his claim.  To exhaust claims, a prisoner must give the state

12  courts a "fair opportunity" to act on his claims, *Castillo v. McFadden*, 370 F.3d 882 (9th

13  Cir.2004), *amended on other grounds on denial of rehearing*, 399 F.3d 993 (9th Cir.),

14  *cert. denied* 546 U.S. 818 (2005), by describing both the operative facts and the federal

15  legal theory so that the state courts have a " 'fair opportunity' to apply controlling legal

16  principles to the facts bearing upon his constitutional claim," *Kelly v. Small*, 315 F.3d

17  1063, 1066 (9th Cir.2003), *overruled in part on other grounds by Robbins v. Carey*, 481

18  F.3d 1143 (9th Cir.2007).

19         Petitioner asserts that the Petition for Review "'fairly presents' the specific

20  actions and failures to act on the part of his trial counsel believed to constitute the

21  required standard set by Strickland for ineffective representation."   Furthermore,

22  Petitioner argues, "when considering the nature of [Ground I(2)] in substance is a

23  Donald issue, unquestionably a Sixth Amendment claim, the Petitioner *did* alert the

24  Arizona Court of Appeals to the federal nature of his claims.  And having 'fairly

25  presented' his due process claims to the state court, Petitioner satisfied his exhaustion

26  requirement."

27

28
                                        - 18 -

1  Even if Petitioner had cited sufficient facts to demonstrate a Sixth Amendment
2  violation, it is not enough to excuse Petitioner from the requirement of alerting the state
3  courts to the presence of a federal claim.  *See Castillo*, 399 F.3d at 999 ("[T]he
4  petitioner must have either referenced specific provisions of the federal constitution or
5  cited to federal or state cases involving the legal standard for a federal constitutional
6  violation.")

7  Thus, Petitioner failed to exhaust all claims presented in Ground One.

8  **2.    Ground Two: Sixth Amendment Right to be Tried by an Impartial**
9  **Jury**

10  Petitioner argues in Ground Two that his Sixth Amendment right to be tried by
11  an impartial jury was violated.  Petitioner has failed to exhaust all claims presented in
12  Ground Two.

13  *a.    Claims Unexhausted for Failure to Raise at All Stages of Review*

14  Petitioner alleged that his Sixth Amendment right to be tried by an impartial jury
15  was violated because the jury panel that tried his case was "void of any African-
16  Americans."  This claim was raised for the first time to the court of appeals in his
17  Petition for Review, (Answer, Ex. I, at 3), and, even if this Court could conclude that
18  Petitioner adequately presented this claim to the Arizona Court of Appeals, for the
19  reasons cited above, in section B(1)(a),  this would not be sufficient to exhaust his state
20  remedies.  Thus, Petitioner's failure to present this claim to the trial court precludes a
21  finding that it has been fairly presented, and thus, it has not been properly exhausted.

22  *b.    Claims Unexhausted for Failure to Raise at All Stages of Review*

23  Petitioner did not raise his argument, before the state courts at any stage, that the
24  "Arizona Code of Judicial Administration" mandates "random selection procedures"
25  for the selection process, and suggests that African-Americans were "under-
26  represented" on his jury panel.  This claim is raised for the first time in federal court
27  and is clearly unexhausted.

28

- 19 -

1    Thus, Petitioner failed to exhaust all claims presented in Ground Two.

2    The state courts have never had an opportunity to address the operative facts and

3    legal theories presented in Grounds One and Two of Petitioner's federal habeas in a

4    procedurally appropriate manner.  Petitioner, therefore, has not exhausted his state

5    remedies as to these claims.  Thus, the Court must determine whether this matter should

6    be stayed to allow Petitioner to exhaust his state remedies as to this issue or whether

7    this issue is procedurally defaulted.

8    Petitioner's right to direct review having been completed, he would have to

9    present these claims in an additional Petition for Post-Conviction Relief. Under Arizona

10   law, a defendant who was convicted at trial must file a Notice of Post-Conviction Relief

11   within 90 days of the entry of judgment and sentence or within 30 days of the order and

12   mandate affirming the judgment and sentence on direct appeal, whichever is later. Rule

13   32.4(a), Ariz.R.Crim.P. Petitioner already completed his Rule 32 proceeding. If

14   Petitioner were to fairly present these issues in a second Petition for Post-Conviction

15   Relief, such presentation would be untimely. Moreover, these claims do not qualify for

16   any of the timeliness exceptions.  Rules 32.1 and 32.4(a), Ariz.R.Crim.P.  Such a new

17   petition, therefore, would be subject to summary dismissal. *State v. Rosario*, 195 Ariz.

18   264, 266, 987 P.2d 226, 228 (App.1999); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734

19   (App.1995); *Moreno v. Gonzales*, 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998)

20   (timeliness is a separate inquiry from preclusion). Moreover, Petitioner would be

21   precluded from raising these claims in a second Petition for Post-Conviction Relief.

22   Rule 32.2(a), Ariz.R.Crim.P. These claims, therefore, are procedurally defaulted. *Park*

23   *v. California*, 202 F.3d 1146, 1150-51 (9th Cir.2000) (federal habeas review is

24   precluded where prisoner has not raised his claim in the state courts and the time for

25   doing so has expired).

26

27

28

1    Accordingly, federal habeas review of Grounds One and Two are barred absent

2    a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke*

3    *v. Haley*, 541 U.S. 386, 393-94 (2004); *Carrier*, 477 U.S. at 488.

4    **C.    Cause and Prejudice**

5    Petitioner has not established cause for his procedural default.  Petitioner asserts

6    that the "substance" of the claim in section II of the Petition for Review echoes that

7    announced in Petitioner's post-conviction relief petition, "only in the language of a

8    layperson."  (Doc. No. 19, p.8)   Petitioner claims that "pro se pleadings are liberally

9    construed" citing *Haines v. Kerner*, 404 U.S. 519 (1972).   While this Court must

10   construe pro se pleadings liberally, such construction does not excuse Petitioner from

11   the exhaustion requirement.   Petitioner's status as an inmate and lack of legal

12   knowledge do not constitute cause for his failure to present any of his grounds for relief

13   to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909

14   (9th Cir.1986)(finding that an illiterate pro se petitioner's lack of legal assistance did not

15   amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376,

16   1381 (9th Cir.1988)(finding that petitioner's arguments concerning his mental health

17   and reliance upon jailhouse lawyers did not constitute cause.)

18   Finally, Petitioner states that, regarding his claim that a plea offer from the State

19   was never presented, and that this failure constituted ineffective assistance of counsel,

20   he cited relevant law in his Petition for Post-Conviction Relief by citing State v.

21   Donald, and that his citation to Lewis v. Casey in his Petition for Review expelled any

22   burden to supply case law which was unavailable and inaccessible to him.

23   This argument fails for two reasons.  First, Petitioner arguably failed to raise a

24   federal claim in the Petition for Post-Conviction Relief by citing only "State v. Donald."

25   Although a citation to a state case involving the legal standard for a federal

26   constitutional violation might have satisfied the fair presentation requirement, *See*

27   *Castillo*, 399 F.3d at 999, Petitioner, represented by counsel, did not provide a citation

28

- 21 -

1    for <u>State v. Donald</u> cited in the petition.  Presumably, the reference was to *State v.*
2    *Donald*, 198 Ariz. 406 (App. 2000), and this citation would have presented the federal
3    ineffective assistance of counsel claim.

4            Second, although Petitioner might not have had access to a law library when he
5    submitted his Petition for Review, Petitioner did have access to his own legal
6    documents, wherein both *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v.*
7    *Donald*, were cited by counsel.  Nothing prevented Petitioner from citing these cases
8    in his Petition for Review.

9            There was no objective factor external to the defense which impeded Petitioner's
10   efforts to comply with the State's procedural rule, as demonstrated by his ability to file
11   a petition for post-conviction relief and petition for review - Petitioner merely failed to
12   present the state courts with an opportunity to rule on the federal issues he presents to
13   this Court.

14           Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice"
15   standard, nor has he attempted to do so.  Federal review of this claim is barred.

16           Alternatively, Petitioner has not demonstrated a meritorious claim.[11]

17           The Sixth Amendment guarantees the right to effective assistance of counsel in
18   criminal prosecutions.  *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (6th
19   Amendment right to counsel is right to effective assistance of counsel).  In *Strickland*
20   *v. Washington*, the Supreme Court established a two-prong test to evaluate ineffective

21   _____

22           [11] Respondents have requested that, should this Court find that any of the
23           claims raised in the instant petition be fully exhausted or not procedurally
             defaulted, that they be provided an opportunity to respond to the merits
24           of those claims.  The Magistrate Judge notes this request, however,
             having found that Petitioner failed to exhaust his claims and ruling on
25           this claim in the alternative, would recommend that the District Court
             refer the matter back to the Magistrate Judge for further briefing on the
26           merits if the District Court rejects the Magistrate Judge's
27           recommendation as to this sub-claim.

28

assistance claims. 466 U.S. 668, 687 (1984). To obtain reversal of a conviction under the *Strickland* standard, the defendant must demonstrate two things. First, the defendant must show that his attorney's performance "fell below an objective standard of reasonableness." *Id*., 466 U.S. at 688. Second, the defendant must show prejudice. *Id*., 466 U.S. at 687. To show prejudice Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*., at 694.

The *Strickland* analysis applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea bargain process. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail on the prejudice claim, Petitioner must show that there was a reasonable probability that, but for his attorney's deficient performance, the result would have been different, in this instance, he would have accepted the plea agreement. *U. S. v. Blaylock*, 20 F.3d 1458, 1467-68 (9th Cir. 1994).

Petitioner does not now, nor did he in state proceedings, allege that he would have accepted the terms of the plea offer if it had been conveyed to him. Neither can the Court infer from the record presented by Petitioner that he was not informed of any plea offer, or that, in fact, a second plea offer was ever on the table. The Petition for Post-Conviction Relief contains no factual demonstration or affidavit signed by Petitioner or counsel alluding to any second plea offer. Neither does the Petition for Review. Petitioner attaches Exhibit I-C to his Petition to demonstrate the availability of a second plea offer. The transcript, however, only demonstrates the possibility of a second plea offer being made sometime in the future, there is no offer made. (Doc. No. 5, Ex. 1-C) Exhibit 1-D attached to the Petition demonstrates only that Mr. Jung, or perhaps prior counsel, might not have fully informed Petitioner of the potential sentence he might receive because of the dangerous nature of his prior. This claim was clearly not exhausted. Petitioner's claim therefore fails under the prejudice prong of *Strickland*.

1  **IV.    RECOMMENDATION**

2      This Court recommends that the District Court, after its independent review of

3  the record, dismiss this action in its entirety.

4      Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

5  within ten days after being served with a copy of this Report and Recommendation.  A

6  party may respond to another party's objections within ten days after being served with

7  a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed the parties should use the

8  following case number: **CIV 06-1513-PHX-PGR**.

9      If objections are not timely filed, then the parties' right to *de novo* review by the

10 District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d

11 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

12     DATED this 29th day of April, 2008.

13

14

15  _____
                    Bernardo P. Velasco
                United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 24 -