**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mack Calvin Martin,<br><br>　　　　　Petitioner,<br>　vs.<br>Deputy Warden Rider, et al.,<br><br>　　　　　Respondents. | No. CV-06-1513-PHX-PGR (BPV)<br><br>ORDER |

　　　Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Velasco in light of the petitioner's Objections to Magistrate's Report and Recommendation (doc. #32), the Court finds that the petitioner's objections, which the Court construes as only being directed at certain aspects of the Magistrate Judge's analysis of issues raised in Ground I of the petitioner's Petition for a Writ of Habeas Corpus, should be overruled as being without merit. The Court further finds that the Magistrate Judge correctly concluded that the petition should be dismissed because the petitioner failed to properly exhaust his state court remedies as to any of the clams raised in the petition, and has not established any cause or prejudice for his failure to exhaust.

　　　Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(B)(1).  In order to comply

1  with this statutory requirement, the prisoner must "fairly present" his federal claim
2  to each appropriate state court by alerting those courts to the federal nature of his
3  claim. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004).

4       In his claim denominated as Ground I(2) by the Magistrate Judge, the
5  petitioner contended that his counsel provided ineffective assistance by failing to
6  inform him of a (second) plea offer and to explain to him the comparative merits
7  of the plea offer.  In the main portion of his Objections, the petitioner argues that
8  Magistrate Judge erred in concluding that this claim, while submitted in some
9  form to both the trial court and the court of appeals, was not fairly presented to
10 either.  The Court is unpersuaded by the petitioner's argument.

11      Regardless of whether this claim was fairly presented to the trial court, an
12 issue that the Court need not, and does not, decide, the claim was clearly not
13 fairly presented to the Arizona Court of Appeals in the Petition for Review in that
14 the petitioner's sole contention to that court regarding this claim was that "counsel
15 failed to show the defendant the second of two plea bargains that the prosecutor
16 had offered the defendant."  In order to satisfy the fair presentment requirement,
17 the petitioner was required to apprise the court of appeals that he was making a
18 claim under the U.S. Constitution and to describe both the operative facts and the
19 federal legal theory on which his claim was based. Castillo v. McFadden, 399
20 F.3d 993, 999 (9th Cir.), *cert. denied*, 546 U.S. 818 (2005).  This fair presentment
21 requirement mandates that the petitioner refer on the face of his moving papers
22 to the provision of the federal Constitution being relied upon or to a citation to
23 either federal or state case law that engages in a federal constitutional analysis.
24 *Id*.; Fields v. Waddinton, 401 F.3d 1018, 1021 (9th Cir.), *cert. denied*, 546 U.S.
25 1037 (2005).  Even under a lenient viewing of the petitioner's pro se Petition for
26

Review directed to the court of appeals, the Court cannot conclude that the petitioner properly alerted that court to the federal nature of this aspect of his ineffective assistance claims.[1]

The Court is also unpersuaded by the petitioner's contention in his Objections that the Magistrate Judge erred in concluding that the petitioner had not fairly presented his only other ineffective assistance claim that was submitted in some form to both the trial court and the court of appeals, *i.e.,* that counsel was ineffective by failing to call alibi witnesses Christina Gonzalez and Phillip Price. At the very least, the claim was not fairly presented because the petitioner failed to provide the state courts, particularly the court of appeals, with the operative facts establishing the existence of a Sixth Amendment violation. Therefore,

IT IS ORDERED that the petitioner's Objections to Magistrate's Report and Recommendation (doc. #32) are all overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (doc. #23) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied and that this action is dismissed.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter

---

[1] Even if the petitioner's counsel's bare reference in the Petition for Post Conviction Relief to the "State v. Donald" case was sufficient to apprise the trial court of the federal nature of the plea offer claim set forth in Ground I(2), the reference to that case was not repeated to the court of appeals. *See* Baldwin v. Reese, at 32, 124 S.Ct at 1351 (Supreme Court held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.")

judgment accordingly.

DATED this 20th day of January, 2009.

_____
Paul G. Rosenblatt
United States District Judge